UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

UNITED STATES OF AMERICA,

                                                        09 CR 718 (SJ) (MDG)

    v.

                                                        ORDER ADOPTING
                                                        REPORT AND
JUAN CARLOS ESCOBAR GONZALEZ,        RECOMMENDATION

            Defendant.

------------------------------------------------X

APPEARANCES

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:   Colleen Kavanagh
       Marisa Seifan
       Assistant United States Attorneys
Attorney for the Government

FEDERAL DEFENDERS OF NEW YORK, INC.
16 Court Street, 3d Floor
Brooklyn, New York 11201
By:   Michael K. Schneider
Attorney for Defendant

JOHNSON, Senior District Judge:

       Defendant Juan Carlos Escobar Gonzalez ("Defendant") has been charged in a three-count indictment with: (1) one count of transporting a minor in interstate

1

commerce to engage in illegal sexual activity in violation of 18 U.S.C. § 2423(a); (2) one count of traveling in interstate commerce to engage in illicit sexual activity with a minor in violation of 18 U.S.C. § 2423(b); and (3) one count of alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A). Presently before this Court is Defendant's motion to suppress the photo array identifications of him by the complainant and a witness in June 2008.

On October 19, 2010, the motion was referred to Magistrate Judge Marilyn Go for a Report and Recommendation ("Report"). Judge Go conducted an evidentiary hearing on the motions on December 20, 2010, and made summary findings on the record at the hearing's conclusion. On December 29, 2010, Judge Go issued a written summary Report in which she recommends denying the motion. (See Docket No. 20.) Pursuant to 28 U.S.C. § 636(b)(1), Defendant timely filed objections to the Report on January 18, 2011.

The Court has reviewed de novo the portions of the Report to which Defendant objects. Defendant's objections do not raise any new legal or factual arguments not previously considered by Judge Go. Accordingly, the Report is adopted in its entirety.

## **BACKGROUND**

Defense counsel filed a declaration indicating that on June 3, 2008, the complainant and another witness viewed a photo array prepared by the Nassau County Police Department. (See Declaration of Michael K. Schneider at 2.) The

2

P-049

photo array contained six photographs, including one depicting the Defendant. (Id.) The complainant and the witness identified Defendant after viewing the photo array. At the time of defense counsel's declaration, the circumstances surrounding the photo array procedure were not clear. (Id. at 3.) The declaration did not challenge the content of the photo array.

At the hearing on the motion, the Government presented the testimony of Detective Trujillo of the Nassau County Police Department ("NCPD"). The facts are derived from his testimony; Defendant called no witnesses and presented no evidence. In relevant part, Trujillo testified that a photo array containing photos of Defendant and five other men was prepared by the NCPD Photo Unit. (Transcript of 12/29/2010 Suppression Hearing ("Tr.") at 8, 14.) In the photo, Defendant is wearing an orange shirt, which Trujillo described as a "jail-type jumpsuit," over a white T-shirt, and the photo's background is blue. (Tr. at 11.) The other five men in the photo array are wearing various types of shirts and are situated before backgrounds in various shades of gray. (See Tr. at 26–27.) Trujillo thought the orange shirt might be "suggestive" and prepared a black-and-white photocopy of the photo array. (Tr. at 8.)

On June 3, 2008, Trujillo and two other law enforcement officers went to the complainant's home and showed the complainant a black-and-white photocopy of the photo array. (Tr. at 8–9.) The complainant identified Defendant as the person who raped her and signed the photo array. (Tr. at 9.) As the law

P-049

enforcement officers left the complainant's home, the complainant's uncle arrived and asked to see the photo array. Trujillo showed him the color photocopy of the photo array, but did not offer any instruction or other information. The complainant's uncle immediately identified Defendant. (Tr. at 11.)

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id. A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations. See, e.g., United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994); cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992). The Court, however, does not need to rehear contested testimony in order to make its determination. United States v. Ten Cartons Ener-B Nasal Gel, 888 F. Supp. 381, 390 (E.D.N.Y.), aff'd, 72 F.3d 285 (2d Cir. 1995).

The Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, Defendant does not contest Judge Go's findings regarding Detective Trujillo's credibility or regarding the presentation of the photo array to the complainant. Instead, Defendant contests the finding that the presentation of the color photo array to the complainant's uncle was not impermissibly suggestive. (<u>See</u> Def. Obj. at 1.) Specifically, Defendant argues that the presentation of the color photo array was unduly suggestive because: (1) the photo of Defendant has a different color background than the other photos in the array; and (2) in the photo, Defendant is wearing an orange prison shirt, while the other men in the array are not. (<u>See</u> Def. Obj. at 2.)

When a witness makes a pre-trial identification, a challenge to the identification requires the Court to determine whether the pre-trial identification procedure was unnecessary suggestive and conducive to misidentification. <u>See</u> <u>United States v. DiTommaso</u>, 817 F.2d 201, 213 (2d Cir. 1987). To decide whether a photo array is unduly suggestive, the Court must consider several factors including "the size of the array, the manner of presentation by the officers, and the

5

P-049

array's contents." United States v. Maldonado-Rivera, 922 F.2d 934, 974 (2d Cir. 1990). The Court must consider "whether the picture of the accused . . . so stood out from all the other photographs as to suggest to an identifying witness that [the accused] was more likely to be the culprit." Jarrett v. Headley, 802 F.2d 34, 41 (2d Cir. 1986) (internal citations and quotation marks omitted). If the identification procedure was unduly suggestive, the identification evidence is admissible nonetheless if it is "independently reliable." Maldonado-Rivera, 922 F.2d at 973.

Here, Judge Go found that the presentation of the color photo array to the complainant's uncle was not unduly suggestive because none of the photographs stood out as to suggest that one person was a more likely suspect than another. (See Report at 2–3.) Having reviewed the color photo array, this Court agrees with Judge Go's assessment. Neither the blue background of the photo nor Defendant's barely visible orange shirt is sufficient to create a risk of misidentification. See Jarrett, 802 F.2d at 41. In light of the evidence presented, and the fact that Defendant has not raised any new arguments that would convince this Court to reject Judge Go's recommendation, this Court affirms and adopts the Report in its entirety.

**SO ORDERED.**

DATED: February 23, 2011
Brooklyn, New York

s/ SJ

Hon. Sterling Johnson, Jr., Senior U.S.D.J.

P-049